IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-14-557 |
| v. | § | |
| | § | CIVIL ACTION H-17-1290 |
| OSCAR IVAN REBUELTA MERLAN | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Oscar Ivan Rebuelta Merlan, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 25.) The Government filed a motion for summary judgment on June 26, 2017, serving Defendant a copy at his address of record that same date. (Docket Entry No. 28.) Despite expiration of a reasonable period of time in excess of three months, Defendant has failed to file a response to the motion, and the motion is deemed unopposed.

Having considered the motion, the pleadings, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Defendant pleaded guilty to one count of illegal re-entry by a previously deported alien after an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In calculating Defendant's sentence, the Court added a 16-level enhancement pursuant to USSG 2L1.2(b)(1)(A)(ii), based on the fact that Defendant was deported after having been

convicted of a crime of violence, namely robbery under the Texas Penal Code, for which he received four years' imprisonment. Defendant did not file an appeal.

In the instant section 2255 proceeding, Defendant contends that he should be re-sentenced in light of the June 23, 2016, Supreme Court decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2248-57 (2016). According to Defendant, *Mathis* would hold that his prior state conviction for robbery is no longer a crime of violence for purposes of the federal sentencing guidelines. The Government argues that Defendant's claim is barred by limitations.

## *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## *Analysis*

A motion made under section 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). The Fifth Circuit Court of Appeals and the Supreme Court have held that a judgment becomes "final" for purposes of limitations when the applicable period for seeking review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

In this case, a judgment of conviction was entered against Defendant on April 9, 2015, and no notice of appeal was filed. The judgment became final fourteen days thereafter, on April 23, 2015. *See* FED. R. APP. P. 4(b)(1). Defendant was required to file his section 2255 motion to vacate no later than one year from that date, on or before April 23, 2016. Defendant's section 2255 motion was filed no earlier than April 14, 2017. Thus, unless an exception applies to modify or extend the standard limitations period, Defendant's section 2255 motion for relief is untimely by almost one year.

Relying on *Mathis*, Defendant claims that this Court incorrectly increased his base offense by sixteen levels, because it concluded (1) that his robbery conviction under Texas Penal Code § 29.02 constituted a crime of violence and (2) that section 29.02 was a divisible statute. Defendant contends that it is not a divisible statute and therefore, the modified categorical approach is inappropriate and should not have been used by the Court to increase his base offense level under the sentencing guidelines.

The statute of limitations for section 2255 proceedings is extended when "the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). If *Mathis* falls within this exception, then Defendant's section 2255 motion is timely. However, the Fifth Circuit has determined that *Mathis* did not recognize a new rule of constitutional law that has been made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Because *Mathis* does not meet the requirements of section 2255(f)(3), it provides no basis for holding Defendant's section 2255 motion timely filed. The Government is entitled to summary judgment dismissal of Defendant's section 2255 motion.

## *Conclusion*

The Government's motion for summary judgment (Docket Entry No. 28) is GRANTED and Defendant's section 2255 motion for relief (Docket Entry No. 25) is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Civil Action No. H-17-1290 is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on October 5, 2017.

Gray H. Miller
United States District Judge